# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00125-CV

**Lowell Merritt, Appellant**

**v.**

**Gus Cannon, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-09-008895, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lowell Merritt appeals from a trial court judgment dismissing, on a plea to the jurisdiction, his "Lawsuit to Obtain Injunctive and Declaratory Relief and General Damages Due to an Official Refusing to Abide by the Statutes in the Texas Transportation Code." We will affirm the judgment.

Merritt's pro se pleadings and jurisdictional evidence reflect that he is complaining about two 4' x 8' signs located on property directly across a county road from residential property he owns in Collin County. One of the signs indicates, "NEED CLEAN FILL DIRT" and provides a name and phone number; the other provides an address. Merritt alleges, and there is no dispute, that the area in which the signs are located is subject to the regulatory authority of the Texas Department of Transportation (TxDOT) under chapter 394 of the transportation code. Chapter 394 restricts "off-premise signs"—those "displaying advertising that pertains to a business, person, organization,

activity, event, place, service, or product not principally located or primarily manufactured or sold on the premises in which the sign is located"—that are visible from "rural roads." *See* Tex. Transp. Code Ann. §§ 394.001(2), .002 (West 2007); *see generally id*. §§ 394.001-.087 (West 2007 & Supp. 2009). Among other limitations, an "off-premise sign" requires a permit from TxDOT and is subject to restrictions on where it can be located. *See id.* § 394.021. Signs erected in violation of chapter 394 are declared a "public nuisance" that may be subject to injunctive relief requiring their removal. *See id.* § 394.087. TxDOT is charged with administering and enforcing the chapter, adopting rules to regulate the erection or maintenance of a sign to which the chapter applies, and adopting rules specifying procedural requirements for obtaining an off-premise sign permit. *See id.* § 394.004.

Merritt complained to TxDOT that the signs in question constituted off-premise signs made unlawful by chapter 394. In response to his complaint, Merritt received a December 1, 2008, letter from appellee Gus Cannon, an official with TxDOT's Right-of-Way division in Austin, indicating that "[a]fter Department review and inspection, we have concluded that the sign is in fact an illegal outdoor advertising structure."[1] Cannon added that TxDOT had sent an "illegal sign notice" to the property owner, who would have 45 days to respond before the file would be turned over to the Attorney General's Office for further action. *See id.* § 394.087(b). However, on February 12, 2009, Cannon wrote Merritt again and explained that after an additional inspection and consultation with the owners of the property on which the sign was located, "it was determined

---

[1] Although the record is not entirely clear, the evidence seems to indicate that only the "NEED CLEAN FILL DIRT" sign was initially in dispute and that the other sign had not yet been erected.

that the property owners needed fill dirt to improve their property for the construction and occupancy of a single family residence to be located at the far western portion of the property." A subsequent "final inspection," according to Cannon, revealed that "[t]he sign is located within an access easement from County Road 382 to the . . . western (rear) portion of a tract now owned by Todd and Kim Brammer" and "[t]he telephone number on the sign belongs to Todd and Kim Brammer who need fill dirt at the rear of the property and through part of the access easement in order to construct their single family residence."[2] Consequently, Cannon explained, "the department ha[d] reached a final conclusion that the sign is not an off-premise outdoor advertising sign" and closed the "complaint file." *See id.* § 394.001(2).

After additional email correspondence that proved to be unfruitful, Merritt filed suit against Cannon in the Collin County Court-at-Law No. 4. Merritt pled that the two signs were properly classified as illegal off-premise signs under chapter 394 and that Cannon had violated his "duty to enforce the code" with respect to the signs "due to an Incorrect assumption that the Signs in Question are Located on LAND OWNED by Mr. Todd Brammer BECAUSE the SIGNS are either ON or NEAR the "access easement" area DESCRIBED in Brammer's DEED." Merritt asserted that Cannon's "refusal to enforce the code" was ultra vires of Cannon's statutory authority and also infringed various of Merritt's federal and state constitutional rights by forcing Merritt to endure the "public nuisance" (per chapter 394)[3] of illegal off-premise signs. Merritt prayed for

---

[2] Similarly, the address on the second sign is that of the Brammers.

[3] *See* Tex. Transp. Code Ann. § 394.087 (West 2007).

3

declaratory and injunctive relief to compel TxDOT to require removal of the signs, plus "general damages" and costs.

In response, Cannon moved to transfer venue from Collin to Travis County and, subject thereto, interposed a plea to the jurisdiction based on sovereign immunity.[4] The Collin County Court-at-Law granted Cannon's motion to transfer venue to Travis County. An oral hearing on Cannon's plea to the jurisdiction was held in which no additional evidence was presented.[5] Following the hearing, the trial court granted Cannon's plea and subsequently signed a separate judgment of dismissal.[6] This appeal ensued.

As best we can discern Merritt's appellate complaints, he argues chiefly that the trial court erred in concluding that it lacked subject-matter jurisdiction because his claims are not barred by sovereign immunity. The legislature did not provide a right of judicial review from TxDOT's determination of whether or not a particular sign is an illegal off-premise sign that violates chapter 394 of the transportation code. Consequently, Merritt's suit challenging that determination here is a suit to "control state action," and is barred by sovereign immunity, unless Merritt alleged actions by Cannon and TxDOT that were ultra vires of their statutory authority or violated the state or federal constitutions. *See Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl.*

---

[4] After filing this pleading, Cannon removed the case to federal court, citing references in Merritt's pleadings to various federal constitutional provisions. The case was transferred to the Western District of Texas, which ultimately remanded the case to Collin County.

[5] As noted, Merritt had attached evidence to his petition and other filings, which we have considered in our analysis. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

[6] The Honorable Eric Shepperd presided over the hearing and signed the order granting Cannon's plea. The Honorable J. David Phillips signed the judgment of dismissal.

4

*Quality*, 307 S.W.3d 505, 514-15 (Tex. App.—Austin 2010, no pet.);[7] *see also KEM Texas, Ltd. v. Texas Dep't of Transp.*, No. 03-08-00468-CV, 2009 WL 1811102, at *5 (Tex. App.—Austin June 26, 2009, no pet.) (mem. op.) (applying these concepts in suit alleging TxDOT acted ultra vires of its statutory powers under chapter 391 of transportation code in refusing to grant a billboard permit). Merritt insists that he has asserted claims based on ultra vires conduct (Cannon's failure or refusal to enforce chapter 394 against what Merritt views as two illegal off-premises signs) and constitutional violations predicated on Cannon and TxDOT's causing him to endure the

---

[7] As we explained in *Creedmoor*:

> Generally, a suit challenging a specific administrative order implicates sovereign immunity because it seeks to control state action—it seeks to restrain the State or its officials in the exercise of discretionary statutory or constitutional authority. *See Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004); *Southwest Airlines Co. v. Texas High-Speed Rail Auth.*, 867 S.W.2d 154, 157 (Tex. App.—Austin 1993, writ denied) (op. on reh'g); *see also* [*City of El Paso v.*] *Heinrich*, 284 S.W.3d [366,] 372-73 & n.6 [(Tex. 2009)] (ultra vires suit—the converse of a suit to control state action—"must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act"). Sovereign immunity bars such a suit unless the legislature has waived immunity, *see Mega Child Care, Inc.*, 145 S.W.3d at 198 (acknowledging that statutory right to judicial review of administrative decisions waives sovereign immunity against such suits), or the claimant affirmatively alleges facts demonstrating that the agency's action is unconstitutional or ultra vires of the agency's statutory authority. *See Texas Highway Comm'n v. Texas Ass'n of Steel Importers*, 372 S.W.2d 525, 530 (Tex. 1963); *Southwestern Bell Tel. Co. v. Public Util. Comm'n*, 735 S.W.2d 663, 668 (Tex. App.— Austin 1987, no writ). The latter type of claims are said to invoke the trial court's "inherent jurisdiction" to protect against agency action that is unconstitutional or ultra vires of the agency's statutory authority. *See Southwestern Bell*, 735 S.W.2d at 667-68.

*Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 514-15 (Tex. App.—Austin 2010, no pet.).

"public nuisance" of the allegedly illegal signs. To evaluate Merritt's contentions, we construe the statutory or constitutional provisions that are implicated, apply them to the facts Merritt has alleged, and determine whether Merritt has alleged acts that would constitute violations of the relevant constitutional provisions or exceed Cannon and TxDOT's authority under the relevant statutory provisions. *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 516.

"To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). If Merritt alleges or ultimately can prove only acts within Cannon's legal authority and discretion, his claim seeks "to control state action" and is barred by sovereign immunity. *See id.* Although Merritt vigorously argues otherwise, he has not alleged conduct by Cannon or TxDOT that would fall outside their discretionary statutory powers under chapter 394 of the transportation code. As explained above, TxDOT is charged with administering and enforcing chapter 394, which regulates and restricts off-premise signs "displaying advertising . . . not principally located or primarily manufactured or sold on the premises in which the sign is located." Tex. Transp. Code Ann. §§ 394.001(2), .002, .004. This statutory scheme necessarily implies that TxDOT must, as here, make a threshold determination of whether or not a particular sign falls within the chapter's definition of an "off-premise sign." The legislature, again, provided no mechanism for judicial review of such a decision.

Merritt asserts that Cannon refused to abide by chapter 394 because the Brammers' signs violate the code by (1) exceeding the code's size restrictions, (2) not being located on the same

premises as the principal location of the person or place being advertised, and (3) being on land not owned by the Brammers. These allegations of "ultra vires" conduct are allegations that Cannon and TxDOT made a wrong decision "when exercising [TxDOT's] delegated authority, not facts that would demonstrate" that Cannon and TxDOT exceeded their statutory authority. *Creedmoor-Maha Water Supply Corp.*, 307 S.W.3d at 517-18 (citing *North Alamo Water Supply Corp. v. Texas Dep't of Health*, 839 S.W.2d 455, 459 (Tex. App.—Austin 1992, writ denied); *KEM*, 2009 WL 1811102, at *5-6)). The heart of Merritt's complaint is that Cannon and TxDOT incorrectly determined that the Brammers' signs were not off-premise signs, not that Cannon and TxDOT lacked statutory authority to make that determination or failed to perform "a purely ministerial act." *See Heinrich*, 284 S.W.3d at 372; *KEM*, 2009 WL 1811102, at *5. In short, none of Merritt's allegations invoked the trial court's "inherent jurisdiction" to remedy ultra vires agency actions. *See Creedmoor-Maha*, 307 S.W.3d at 518. Similarly, because the factual predicate of Merritt's constitutional claims is the existence of a "public nuisance"—illegal off-premise signs—that is a function of a TxDOT discretionary determination under chapter 394, those claims likewise do not invoke the trial court's subject-matter jurisdiction. The trial court did not err in determining that all of Merritt's claims are barred by sovereign immunity.

Beyond his jurisdictional arguments, Merritt seems to complain of the Collin County Court-at-Law's order transferring venue to Travis County. The entirety of his complaint on appeal is an accusation that counsel for Cannon, an assistant attorney general, committed "perjury" in his transfer motion with respect to whether counsel had authority to represent Cannon. Additionally, Merritt complains of what he views as misconduct by counsel and various third parties in other cases

in which Merritt apparently has been held to be a vexatious litigant, was sanctioned, and was even indicted by a Collin County grand jury for the offense of obstruction or retaliation. *See* Tex. Penal Code Ann. § 36.06 (West Supp. 2009). Merritt has not demonstrated reversible error in these complaints.

We overrule Merritt's contentions on appeal and affirm the trial court's judgment of dismissal.[8]

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   August 27, 2010

---

[8] We dismiss as moot Cannon's motion to strike Merritt's brief for non-compliance with the Texas Rules of Appellate Procedure.